[No. 3,833.]

## EDWARD DALEY, ELLIS AMES AND TWENTY OTHERS, *v.* A. J. COX, LOUISA MORSE, AND H. MORSE, HER HUSBAND.

WATER COMMISSIONERS.—The Board of Water Commissioners for San Bernardino County, created under the Act of February 18, 1864, are merely agents selected for the public convenience, to regulate the distribution of water according to the rights of the parties in interest; but their action in distributing water, does not prevent the parties from applying to the Court for, nor the Court from granting relief, if to any one is distributed more than his just proportion of the water.

APPEAL from the District Court, Eighteenth Judicial District, County of San Bernardino.

The case shows that, many years ago, several parties united in locating and constructing a dam and ditch, to raise the water in a certain arroyo, and to convey it on to their land in San Bernardino, for irrigation. The lots appear to have contained one acre of land each, or that amount of land was the standard used in making calculations about the quantity of water each person was entitled to. The plaintiffs claim that there were fifty-one of these lots. Each owner performed labor and bore expenses in proportion to the number of his lots to be irrigated. Fifty-one was the original number of shares, but in 1862, the dam was re-built, and the defendants claimed that at the time of re-building, by common consent, additional shares were allotted to them, so that the shares were increased to fifty-four, and that they performed labor for the additional shares. The method of distributing the water was this: Divide the number of hours in a week by the number of shares, and the quotient will be the number of hours in a week which a share was entitled to use the water in the ditch. If one share was entitled to water six hours in a week, the owner of two shares was entitled to use it twelve hours in a week. The Board of Water Commissioners made the apportionment as the defendants claimed it should be, and the plaintiffs brought this action, asking

the Court to determine the right of the parties, and to restrain the defendants from depriving the plaintiffs of their just proportion of the water.

The defendants appealed. The other facts are stated in the opinion.

*Henry M. Willis* and *W. C. Wiseman,* for the Appellants, argued that, by the Act of March 6, 1857, (Statutes of 1857, p. 63), and the amendments thereto, approved February 18, 1864, (Laws 1863–4, p. 87), the Commissioners were to apportion the water each year, and that the amount of water to be used by each person was not fixed and absolute, but might vary each year, as a larger area of ground was cultivated, and that this was under the control of the Board of Water Commissioners, and the Court could not interfere.

*B. B. Harris,* for Respondents, argued that, if the Board of Water Commissioners could take one man's proportion of the water and bestow it upon another, it would be the exercise of judicial power, and violate Article VI, section six, of the Constitution, and that the Board possessed no power except to see to a distribution of water, according to the rights of the parties.

*Willis,* for the Appellants, in reply, argued that the Board exercised powers *quasi* judicial, like a Board of Supervisors, and that their orders could not be reviewed in a collateral proceeding.

By the Court, CROCKETT, J.:

This is an action to determine the relative proportion in which the plaintiffs and defendants are entitled to use, for purposes of irrigation, the waters of a certain ditch in San Bernardino County. The complaint avers that the ownership of the ditch is divided into fifty-one share; of which forty-eight belong to the plaintiffs, one to the defendant Cox, one to the defendant Louisa Morse, and one to the estate of Rich; and that the several owners are entitled to use the water in these proportions and not otherwise. But,

it avers, the defendants are using, and claim the right to use, a larger proportion than they are rightfully entitled to, thereby depriving the plaintiffs of their just share of the water. The answer admits the joint ownership of the ditch, but avers that it is divided into fifty-four instead of fifty-one shares; of which the plaintiffs severally own in the aggregate forty-eight shares, the defendant Cox three, Morse two, and the estate of Rich one share. This presents a mere issue of fact as to the number of shares in the ditch; and the Court below, on conflicting, and, we think, sufficient evidence, found the issue in favor of the plaintiffs. This practically disposes of the case. But the defendants contend that under the Act of February 18, 1864, creating a Board of Water Commissioners for San Bernardino County (Statutes 1863–4, p. 87), that Board has the exclusive right to determine the proportions in which the waters of the ditch shall be distributed to the proprietors; and there was put in evidence at the trial an order of the Board authorizing Cox to take from the ditch a quantity of water representing three shares, and Morse a quantity representing two shares. The second section of the Act is relied upon as conferring upon the Board an exclusive right to determine such matters, whose decision, it is claimed, cannot be reviewed in the Courts. This Act affords a striking example of improvident, crude legislation. Its provisions are so vague, its language so obscure, its whole structure so loose and disjointed, that we can scarcely hope to deduce from it any very satisfactory conclusion as to its meaning. The second subdivision of section two is in these words:

"Upon a petition of a majority of those interested, or who own legitimate claims on any ditch, they (the Board of Commissioners) shall lay out any ditch or ditches and apportion the water thereof among the persons using the same, in proportion to the amount of land each person may wish to irrigate; provided, there should be water sufficient in said ditch for the irrigation of all said land. But in case there should not be a sufficient amount of water for said irrigation in any such ditch, upon a petition of a majority

of those holding such interests as aforesaid, the Water Commissioners shall immediately re-apportion, without prejudice to any prior occupation the water thereof; and any person who shall have put in for more land to irrigate than his proportion, according to the *pro rata* of water in the ditch or stream from which he is furnished with water, a re-apportionment shall immediately be made as provided in this section."

So far as we are able to extract any intelligent meaning from this obscure and confused language, construed in connection with the remainder of the Act, it is, that on the petition of a majority of those interested in a proposed ditch, the Water Commissioners shall locate and lay it out; and when it is constructed the commissioners shall apportion the water amongst those interested according to the amount of land each shall desire to irrigate; provided, there is sufficient water to irrigate all the land; but if not sufficient for the whole, the commissioners, on the petition of a majority of those interested, shall re-apportion the water, assigning to each his proper quantum. It is provided, however, that this shall be done "without prejudice to any prior occupation." We are unable to comprehend this clause, in the connection in which it is used, and shall reject it as meaningless. The next clause is almost, if not quite as unintelligible. It provides that "any person who shall have put in for more land to irrigate than his proportion, according to the *pro rata* of water in the ditch or stream from which he is furnished with water, a re-apportionment shall immediately be made as provided in this section." If it means that, in case any person shall propose to irrigate more land than his just proportion, according to the quantity of water in the ditch, there being not enough to irrigate the whole, then that a re-apportionment shall be made, this is a mere repetition of the preceding provision; and we are unable to assign any other meaning to it. But whatever may be the precise powers of the Water Commissioners, deducible from this mass of confusion, we are satisfied it was not intended to confer upon them a mere arbitrary discretion in the apportionment of the water, to be ex-

ercised, it may be, in utter disregard of the rights of the proprietors. They are merely agents, selected for the public convenience, to regulate the distribution of water according to the rights of the parties in interest. But they are not above the law, and have not the power to distribute the water, according to their whim or caprice, regardless of the rights of those entitled to it; and we are therefore of opinion that their action in distributing to the defendants more than their just proportion of water, does not conclude the plaintiffs from obtaining redress in the Courts.

Judgment and order affirmed. Remittitur forthwith.

Neither Mr. Chief Justice WALLACE nor Mr. Justice RHODES expressed an opinion.